UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER BARNES<br><br>Defendant. | Case No. 18-cr-00257 (TJK)<br><br>VIOLATIONS:<br>26 U.S.C. § 5861(a)(2) (Failure of Dealer, Manufacturer, or Importer of Firearms to Pay Required Tax)<br>26 U.S.C. § 5871 (Penalties) |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant CHRISTOPHER BARNES ("BARNES"), with the concurrence of his attorney, Page Pate, hereby agree and stipulate as follows:

## BACKGROUND

1. Defendant BARNES was a resident of Haines City, Florida.

2. A firearm is defined under 26 U.S.C. § 5845(a) as including any firearm "silencer," which is defined under 18 U.S.C. § 921(a)(24) as "any device for silencing, muffling, or diminishing the report [or noise level] of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer...."

3. A manufacturer or dealer of firearms must pay a $500 occupational tax upon first engaging in that business and thereafter on or before July 1st of each year, as required under 26 U.S.C. § 5801(a)(2).

## DEFENDANT BARNES'S FIREARMS BUSINESS

4. Between on or about June 2015 through on or about March 2017, Defendant BARNES operated a business in Winter Haven, Florida, known as SolventTrap.net, in which he

manufactured and sold "Solvent Traps."  Defendant BARNES sold these devices through his website, www.solventtrap.net.

5. Defendant BARNES advertised that his "Solvent Trap" device was a firearms accessory that owners could affix to the end of a firearm barrel to collect any residue leftover from gun cleaning fluid.  A customer that purchased a Solvent Trap device from Defendant BARNES received a package containing a metal tube, a set of baffles designed to decrease gas expansion when a bullet is expelled (thereby reducing the firearm's report), a drill-hole centering tool, two end caps, and assembly instructions.

6. Defendant BARNES sold two types of Solvent Trap devices from his website: one for use with pistols that cost $147.99, and one for use with rifles that cost $167.99.

7. Defendant BARNES knew, and intended, that individuals purchasing his Solvent Trap device would convert that device into a fully functioning firearm silencer.  To that end, Defendant BARNES provided his customers with instructions on how to convert his Solvent Trap device into a fully functioning silencer.

8. To convert Defendant BARNES's Solvent Trap device into a fully functioning firearm silencer, a customer would use the drill hole centering tool to drill a hole through the middle of the baffles inside the metal tube, thereby allowing a bullet to pass through the device. Defendant BARNES provided his customers with instructions on how large of a hole to drill depending on the caliber of the firearm on which the customers would affix their Solvent Trap.

9. On or about July 26, 2016, an agent from the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in Washington, D.C., purchased one Solvent Trap pistol kit from Defendant BARNES for $147.99 through the website, www.solventtrap.net. Defendant BARNES shipped this Solvent Trap kit to a post-office box in Washington, D.C.

10. On or about January 17, 2017, another ATF agent located in Washington, D.C., purchased a Solvent Trap pistol kit from Defendant Barnes, again for $147.99 through the website, www.solventtrap.net. Defendant BARNES shipped this Solvent Trap kit to a post-office box in Washington, D.C.

11. At all times relevant herein, Defendant BARNES did not pay the $500.00 special (occupational) tax upon first engaging in the business of selling his Solvent Trap devices, nor did he pay this special (occupational) tax thereafter on or before July 1 of each year he maintained his business, as required under 18 U.S.C. § 5801(a)(2).

### Limited Nature of Proffer

This proffer of evidence is not intended to constitute a complete statement of all facts known by the defendant or the government, but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: *[signature]*
MICHAEL J. MARANDO
Assistant United States Attorney
United States Attorney's Office for the District
 of Columbia
555 4th Street, N.W.
Washington, D.C. 20001

## DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I have read every word of this Statement of the Offense, or have had it read to me. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 10/16/18

Christopher Barnes
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and have reviewed it with my client Christopher Barnes. I concur in my client's desire to adopt this Statement of Offense as true and accurate.

Date: 10/16/18

Page Pate
Attorney for Christopher Barnes